# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY SCOTT CLYDE, | No. 2:19-CV-02070-MCE-DMC-P |
| Petitioner, | |
| v. | <u>FINDINGS AND RECOMMENDATIONS</u> |
| MARION E. SPEARMAN, | |
| Respondent. | |

Petitioner, a state prisoner proceeding without counsel, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the Court are Petitioner's petition for a writ of habeas corpus, ECF No. 18, and Respondent's answer, ECF No. 21. Petitioner has not filed a traverse. Respondent has lodged the state court record, ECF Nos. 13 & 20.

Petitioner asserts one claim: that he should be re-sentenced in light of California Senate Bill 1319. ECF No. 18. The most recent reasoned decision on the matter is from the State Superior Court. ECF No. 13-15 & 13-17. Having reviewed the petition and the record, the undersigned recommends that Petitioner's petition should be denied.

/ / /

/ / /

1

## I. BACKGROUND

A jury found Petitioner guilty of the following crimes: assault by means of force likely to produce great bodily injury, causing injury to an elder adult with force likely to cause great bodily injury, and attempting to dissuade a witness. ECF No. 13-15. The trial court sentenced him to thirteen years.[1] Id.

Petitioner filed this petition in federal court on October 8, 2019, ECF No. 1, and an amended petition on May 26, 2020, ECF No. 18. On August 30, 2019, Petitioner filed a petition (62-125535) for habeas corpus with the Placer County Superior Court. ECF No. 13-16. Petitioner's grounds in that petition included his request to be re-sentenced pursuant to California Senate Bill 1393[2] and ineffective assistance of counsel. Id. The trial court denied that petition on September 16, 2019. ECF No. 13-17. The trial court noted that while S.B. 1393 does apply retroactively, California law clearly states that it does not apply retroactively for cases that were final before the law went into effect on January 1, 2019. See People v. Lara, 4 Cal.5th 299 (2018). It noted that S.B. 1393 would not apply to Petitioner's case because his conviction was final on June 18, 2018. ECF No. 13-17.

On September 27, 2019, Petitioner filed a petition for habeas corpus with the California Supreme Court (S258396). ECF No. 13-19. There, he requested that he be re-sentenced in light of California S. B. 1393. Id. That petition was denied on January 2, 2020.[3] Next, Petitioner filed two petitions for habeas corpus relief with the California Court of Appeal: C092029 (filed May 27, 2020; denied June 15, 2020) and C092456 (filed August 10, 2020;

---

[1] On direct appeal, the Court of Appeal determined that the trial court had erroneously stayed, as opposed to stricken, a one-year enhancement for Petitioner's 2010 prior prison term because the conviction was not defined as serious felony. ECF No. 13-11 at 7. Relying on People v. Langston (2004) 33 Cal.4th 1237, 1241, the Court struck the one-year enhancement imposed for Petitioner's 2010 prison term. Id.

[2] S.B. 1393, Chaptered as 1013, amended California Penal Code Sections 667 and 1385. This law, in relevant portions, removed a trial court's prohibition against striking any prior serious felony convictions for purposes of enhancing a sentence. In other words, it allowed sentencing courts discretion on whether to add a sentencing enhancement for a prior serious felony conviction.

[3] The denial from the California Supreme Court was not included in the lodged documents, however, the denial can be found on the Supreme Court's website: California Courts - Appellate Court Case Information.

denied August 21, 2020)—both of which were denied without a reasoned decision. ECF Nos. 20-1, 20-2, 20-3, 20-4. Both denials cited In re Steele (2004) 32 Cal.4th 682, 692 and In re Hillery (1962) 202 Cal.App.2d 293, 294.[4] ECF Nos. 20-2 & 20-4.

## II. EXHAUSTION

Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required before claims can be granted by the federal court in a habeas corpus case. See Rose v. Lundy, 455 U.S. 509 (1982); see also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v. Pliler, 336 F.3d 839 (9th Cir. 2003).[5] The exhaustion doctrine is based on a policy of federal and state comity, designed to give state courts the initial opportunity to correct alleged constitutional deprivations. See Picard v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518. "A petitioner may satisfy the exhaustion requirement in two ways: (1) by providing the highest state court with an opportunity to rule on the merits of the claim . . .; or (2) by showing that at the time the petitioner filed the habeas petition in federal court no state remedies are available to the petitioner and the petitioner has not deliberately by-passed the state remedies." Batchelor v. Cupp, 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted). Exhaustion is not a jurisdictional requirement and the court may raise the issue sua sponte. See Simmons v. Blodgett, 110 F.3d 39, 41 (9th Cir. 1997).

Regardless of whether the claim was raised on direct appeal or in a post-conviction proceeding, the exhaustion doctrine requires that each claim be fairly presented to the state's highest court. See Castille v. Peoples, 489 U.S. 346 (1989). Although the exhaustion doctrine requires only the presentation of each federal claim to the highest state court, the claims must be presented in a posture that is acceptable under state procedural rules. See Sweet v. Cupp, 640 F.2d 233 (9th Cir. 1981). Thus, an appeal or petition for post-conviction relief that is denied by the state courts on procedural grounds, where other state remedies are still available, does not

---

[4] The Court of Appeal's citation to these cases evidence that Petitioner did not properly seek relief from the lower court prior to filing his petition with the Court of Appeal.

[5] Claims may be denied on the merits notwithstanding lack of exhaustion. See 28 U.S.C. § 2254(b)(2).

### III. DISCUSSION

Petitioner has not satisfied the necessary exhaustion requirements to warrant consideration of this petition. While Petitioner has filed a petitioner for habeas relief with the California Supreme Court, he did so before he sought relief from the California Court of Appeal. See O'Sullivan, 526 U.S. at 845. Petitioner filed his petition with the California Supreme Court on September 27, 2019, which was denied on January 2, 2020. Then, he filed his petitions with the California Court of Appeal on May 27, 2020, and August 10, 2020, both denied on June 15, 2020, and August 21, 2020, respectively. Therefore, Petitioner has not provided the highest state court with an opportunity to rule on the merits of the claim as is required. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); see also Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (holding that California requires presentation of claim to California Supreme Court through petition for discretionary review in order to exhaust state remedies). It also appears that the Court of Appeal denied Petitioner's petitions on the basis that he did not properly bring his claims in the trial court.

Additionally, Petitioner has not shown that at the time he filed the habeas petition in federal court, no state remedies were available. As discussed above, the current petition was submitted to the Court on October 8, 2019. At the time, Petitioner had not received decisions on his petitions from either the California Supreme Court or the California Court of Appeal. Thus, state-based remedies were available to Petitioner at the time of filing his petition since he was actively engaged in them.

The Court will briefly address the merits of Petitioner's claim. Petitioner argues that he should be re-sentenced in light of California's enactment of S.B. 1393. However, in order to be entitled to relief from this court—Petitioner must assert a valid, constitutional interest. Numerous courts in our jurisdiction have specifically concluded that petitioners seeking relief for re-sentencing under S.B. 1393 do not state a cognizable claim for federal habeas review. See Revis v. Diaz, No. CV 21-6643-GW (PLA), 2021 WL 3847799, at *2 (C.D. Cal. Aug. 26, 2021) ("Petitioner's claim seeking sentencing relief under SB 1393 is purely a state law matter as it does not present any federal question. Accordingly, this claim is not cognizable in a federal habeas

action.); Burchett v. Martel, 2020 WL 1847131, *1-*2 (C.D. Cal. Mar. 11, 2020) (holding that the petitioner's claim that he is entitled to resentencing under Senate Bill 1393 was not cognizable on federal habeas review); Bush v. Davis, No. 20-CV-01254-WHO (PR), 2020 WL 7043882, at *3 (N.D. Cal. Dec. 1, 2020) (concluding "federal district courts have rejected SB 1393 sentencing claims for failure to state a cognizable federal habeas claim").

Thus, Petitioner is cautioned that if he seeks to renew his petition for federal habeas relief, he must first exhaust his state court remedies and that seeking re-sentencing under S.B. 1393 is not a valid federal habeas claim.

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that Petitioner's petition for habeas corpus, ECF No. 18, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to the objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 18, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE